

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-31-2003

# Yurchak v. Carbon

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2495

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Yurchak v. Carbon" (2003). *2003 Decisions*. Paper 19.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/19

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2495

_____

ROBERT T. YURCHAK

v.

COUNTY OF CARBON; TOM C. GERHARD;
WAYNE E. NOTHSTEIN; CHARLES W. GETZ,

Appellants

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 02-cv-00049)
District Judge:  The Honorable A. Richard Caputo

_____

Submitted Under Third Circuit LAR 34.1(a)
September 3, 2003

BEFORE: SLOVITER, NYGAARD, and ROTH, Circuit Judges.

(Filed:  December 31, 2003)

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

This case arises out of the termination of Robert Yurchak's employment as Chief Public Defender for Carbon County. On January 7, 2002, the Carbon County Board of Commissioners, which consisted of the individual Appellants, voted to terminate Yurchak's employment as Chief Public Defender. Yurchak subsequently filed suit in the Middle District of Pennsylvania. Among his claims, Yurchak alleges that the Appellants are liable to him under 42 U.S.C. § 1983 for terminating his employment in violation of his First and Fourteenth Amendment rights. Essentially, Yurchak claims that the Appellants terminated him because he ran for Judge against a Republican candidate whom Appellant Gerhard supported.

The Appellants (collectively referred to as "Carbon County") moved to dismiss Yurchak's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court granted their motion in part and denied it in part. Particularly relevant to this appeal, the District Court denied Carbon County's motion to dismiss based on qualified immunity. Carbon County now appeals the District Court's order with respect to qualified immunity.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's denial of a motion to dismiss. *Emerson*

*v. Thiel Coll.*, 296 F.3d 184, 188 (3d Cir. 2002).  We will affirm the order of the District Court.

This appeal is limited to the issue of whether the District Court properly denied Carbon County's motion to dismiss based on qualified immunity.  The standard for establishing the defense of qualified immunity is that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The most difficult issue in most qualified immunity cases, the present case included, is determining whether the right asserted was "clearly established."  In *Anderson v. Creighton*, 483 U.S. 635, 640 (1987), the Supreme Court held that, while the specific official action at issue need not have been previously held unlawful, the unlawfulness of that action must be apparent in light of pre-existing law.  This Court has summarized the "clearly established" rights standard as insulating an official from liability "so long as his actions are objectively reasonable under current federal law." *Gruenke v. Seip*, 225 F.3d 290, 299 (3d Cir. 2000).

Applying this standard, the District Court denied Carbon County's motion to dismiss based on qualified immunity because it determined that "[a]ssuming that Plaintiff's allegations can be proven, 'the contours of current law [at the time of the alleged conduct would have] put a reasonable defendant on notice that his conduct would

3

infringe on the plaintiff's asserted right.'" (Dist. Ct. Op., 6-7)[1] (citing *Gruenke*, 225 F.3d at 302). The District Court came to this conclusion because the Supreme Court decided *Branti v. Finkel*, 445 U.S. 507, 519 (1980) "more than twenty (20) years before the conduct in question." (Dist. Ct. Op., 6). The District Court concluded that *Branti* stood for the proposition that the independent nature of a public defenders office meant that political affiliation was not an appropriate requirement for the position of Chief Public Defender. (*Id.*, 5). Therefore, according to the District Court, taking Yurchak's allegations as true, Carbon County could not terminate his employment based on his political affiliation.

We agree with the District Court that, taking Yurchak's allegations as true, *Branti* clearly establishes that the Chief Public Defender position for Carbon County was not a position where political affiliation is an appropriate requirement.[2] Therefore, Carbon County's termination of Yurchak's employment because of his political affiliation was in violation of clearly established law and that action is not entitled to qualified immunity.

---

1.      We reference the page of the District Court opinion because the first volume of the submitted record is not separately paginated.

2.      Yurchak alleges that, "in no way is the political affiliation of a public defender relevant to the performance of the job [of Chief Public Defender]." (A.R., 11.) Taking this allegation as true, *Branti* illustrates that Carbon County was violating clearly established law when it terminated Yurchak. However, because we are reviewing a motion to dismiss, we express no opinion as to whether Carbon County would be able to present a set of facts sufficient to refute Yurchak's allegations, distinguish the Carbon County Chief Public Defender position from the position at issue in *Branti* and show that its actions were not in violation of "clearly established" law.

4

For the foregoing reasons, we will affirm the District Court's denial of Carbon County's motion to dismiss based on qualified immunity.

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/ Richard L. Nygaard

_____

Circuit Judge