

Villanova University School of Law

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2007

# Yurchak v. Carbon

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2307

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Yurchak v. Carbon" (2007). *2007 Decisions.* Paper 1130.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1130

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2307

ROBERT T. YURCHAK

v.

COUNTY OF CARBON;
TOM C. GERHARD;
WAYNE E. NOTHSTEIN;
CHARLES W. GETZ

Tom C. Gerhard and Wayne E. Nothstein,
Appellants

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 02-cv-00049)
District Judge: Honorable A. Richard Caputo

Submitted Under Third Circuit LAR 34.1(a)
April 19, 2007

Before: McKEE, AMBRO and MICHEL[*], Circuit Judges

(Opinion filed: May 7, 2007)

---

[*] Honorable Paul R. Michel, Chief Judge, United States Court of Appeals for the
Federal Circuit, sitting by designation.

OPINION

AMBRO, <u>Circuit Judge</u>

This appeal involves a § 1983 action in which Robert Yurchak challenges his termination as Chief Public Defender of Carbon County, Pennsylvania. We need not recite the facts at length, as they have been set out in previous opinions, *see Yurchak v. Cty. of Carbon*, No. 3:02-CV-0049, 2006 U.S. Dist. LEXIS 16526 (M.D. Pa. Mar. 22, 2006) (*Yurchak III*); *Yurchak v. Cty. of Carbon*, 84 Fed. Appx. 218 (3d Cir. 2003) (*Yurchak II*), *Yurchak v. Cty. of Carbon*, No. 02-cv-0049 (M.D. Pa. May 7, 2002) (*Yurchak I*). In brief, Yurchak argues that the Carbon County Board of Commissioners, composed mainly of Republican members, improperly fired him in violation of his First and Fourteenth Amendment rights. He contends that the then-Commissioners Tom C. Gerhard and Wayne E. Nothstein terminated him because he ran unsuccessfully for a judgeship on the Democratic ticket against a Republican candidate whom they supported.

The Commissioners filed a Rule 12(b)(6) motion to dismiss, raising the defense of qualified immunity. The District Court denied the motion to dismiss, and we affirmed. *Yurchak II*, 84 Fed. Appx. at 220. Reading the facts in the light most favorable to Yurchak, we agreed with the District Court's conclusion that, under *Branti v. Finkel*, 445 U.S. 507, 519 (1980), it was clearly established that "the independent nature of a public defenders office meant that political affiliation was not an appropriate requirement for the

2

position of Chief Public Defender . . . [and] Carbon County [therefore] could not terminate [Yurchak's] employment based on his political affiliation." *Yurchak II*, 84 Fed. Appx. at 219 (citing *Yurchak I*). However, we noted that nothing barred the Commissioners from demonstrating that they were entitled to qualified immunity at the summary judgment stage if they could "present a set of facts sufficient to refute Yurchak's allegations, distinguish the Carbon County Chief Public Defender position from the position at issue in *Branti*, and show that its actions were not in violation of 'clearly established' law." *Id.* at 219 n.2.

The Commissioners apparently did not take our statement as an invitation to make that demonstration, except by re-stating their contentions that the Chief Public Defender position was a policy-making job for which political affiliation was an appropriate employment criterion. In the alternative, they argued that they terminated Yurchak not for political affiliation, but for his alleged impropriety in using the Public Defender's secretary for private matters. Between our 2003 decision and the District Court's 2006 decision now on appeal (*Yurchak III*), they performed no additional discovery that might have produced evidence sufficient to refute Yurchak's claims and no new legal arguments sufficient to distinguish the Chief Public Defender position here from the position at issue in *Branti*. In fact, the only additional discovery came from Yurchak. In 2004, he deposed the only two employees who worked at the Carbon County Election Bureau during the time in question—Kenneth Leffler (Election Director) and Lisa Yackanicz (Election

Clerk). Both testified that Commissioner Gerhard frequently came in to ask about political party affiliations. In 2005, Yurchak deposed Robert Potestio and Larry Skinner, both of whom served on the Republican Executive Board with Commissioner Gerhard. Each testified that Gerhard espoused a policy of firing Democrats and hiring Republicans when the latter controlled the government, and that he did not believe that this policy should be limited to policy positions.

The District Court concluded that the Commissioners were not entitled to qualified immunity and denied the motion for summary judgment. It reasoned that political affiliation was an inappropriate criterion for the position of Chief Public Defender because it was not a policy-making position, that the relevant law to that effect was clearly established when the Board fired Yurchak, and that there was enough evidence to allege that two of the Board Members acted with improper motives in terminating him. *Yurchak III*, 2006 U.S. Dist. LEXIS 16526, at *3. The Commissioners appeal to us.[1]

---

[1] The District Court had jurisdiction in this case under 28 U.S.C. § 1331. We retain jurisdiction under the collateral order doctrine to review the District Court's denial of qualified immunity at the summary judgment stage, *Mitchell v. Forsyth*, 472 U.S. 511, 527–28 (1985), and over the denial of summary judgment pursuant to 28 U.S.C. § 1291.

Our review of denials of qualified immunity is plenary. *Atkinson v. Taylor*, 316 F.3d 257, 261 (3d Cir. 2003). Our review of summary judgment decisions is also plenary and we apply the same standard as the District Court. *See, e.g.*, *Scheidemantle v. Slippery Rock Univ. State System of Higher Educ.*, 470 F.3d 535, 539 (3d Cir. 2006). On appeals of ordinary summary judgment decisions, we may review only questions of law. *Walker v. Horn*, 286 F.3d 705, 710 (3d Cir. 2002). On appeals of summary judgment decisions with respect to political discrimination claims, the standard of review is modified insofar as it remains the Government's burden to "prove that political affiliation is an appropriate requirement for the job." *Armour v. County of Beaver*, 271 F.3d 417, 420 (3d Cir. 2001).

4

We need not consider the merits of this appeal, as we have already concluded that Yurchak alleged a colorable claim of a constitutional violation of clearly established law. *Yurchak II*, 84 Fed. Appx. at 219. When we first considered this case, we left open the possibility that the Commissioners could assert a qualified immunity defense successfully, provided they could distinguish the Chief Public Defender's position here from the position at issue in *Branti*. They have presented no evidence to do so. We therefore conclude that "because [Yurchak's] evidence was at least as strong" in the Commissioners' first interlocutory appeal "as it was at the summary judgment stage, our prior ruling . . . controls our resolution of this appeal. . . . Any other ruling would insufficiently adhere to our prior resolution . . .[,] which is the law of the case." *In re City of Phila. Litigation*, 158 F.3d 711, 722 (3d Cir. 1998); *see also St. Thomas-St. John Hotel & Tourism Assoc. v. Virgin Islands*, 357 F.3d 297, 301–02 (3d Cir. 2004) ("[P]laintiffs have pointed to no adequate reason for departing from [our previous] holding. . . . There [are] no intervening new facts or law."). Moreover, we agree with the District Court that the Commissioners fail to demonstrate that there are no material issues of disputed fact that would preclude a jury trial or that the facts, read in the light most favorable to Yurchak, require a grant of summary judgment in their favor. To the contrary, the evidence presented by Yurchak in support of his allegations suffices for a jury trial, as the

---

Where the First Amendment is at issue, we must "undertake exacting review of the whole record with a particularly close focus on facts that are determinative of a constitutional right." *Id.* (citing *Zold v. Township of Mantua*, 935 F.2d 633, 636 (3d Cir. 1991)).

5

question whether the Commissioners' motives were discriminatory, and therefore in violation of the First and Fourteenth Amendments, is a genuine issue of disputed material fact. Accordingly, we affirm the District Court's determination that the Commissioners are not entitled to qualified immunity and thus its denial of their motion for summary judgment.